UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN R. ROBINSON, | ) | CASE NO. 5:08 CV 2096 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| LEE ADAMS, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Marvin R. Robinson filed this action under 42 U.S.C. § 1983 against Ohio Adult Parole Authority ("OAPA") Supervisor Lee Adams, Ohio Department of Rehabilitation and Correction ("ODRC") Director Terry Collins, Ohio Department of Administrative Services Director Hugh Quill, OAPA Field Officer Michele Flaherty, and OAPA Director Linda Janes. In the complaint, plaintiff alleges his parole placement options were rejected because he failed to attend a sex offender program. He seeks unspecified relief.

In addition, plaintiff filed a Motion to Proceed *In Forma Pauperis*. That Application is granted.

**Background**

Mr. Robinson asserts that Mr. Lee conspired with the other defendants to prevent his placement in various community venues after being granted parole. He claims all of his requests for housing placement were rejected. Without an acceptable residence awaiting him, Mr.

1

Robinson could not be released from prison to begin his term of parole.

Mr. Robinson was incarcerated for sentences received for two convictions. He was convicted in 1981 of involuntary manslaughter, kidnapping, aggravated burglary, aggravated robbery, grand theft, and rape. He was sentenced to 14 to 50 years incarceration. After serving the minimum sentence, less good time, he was paroled on September 25, 1991. Four years later, he was convicted of felonious assault. He was sentenced to 12 to 15 years incarceration with a 12 year actual minimum. Once again, after serving the minimum sentence, he was granted parole on October 19, 2007. He submitted five plans for his placement, but all were rejected by either the OAPA or by the provider of the housing. Mr. Robinson claims he was told he was being denied the housing placement because he had not attended sex offender programs while in prison. He also indicates that OAPA officials provided this information to housing providers who rejected his requests for placement. He claims that when he was convicted in 1991, inmates were not required to attend sexual offender programming. He asserts that the defendants denied him substantive due process and violated the *Ex Post Facto* Clause. Mr. Robinson secured a parole placement on October 30, 2008 and filed a change of address with the court on November 6, 2008.

**Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v.*

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054

2

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the state of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id.*

Mr. Robinson asserts he was denied substantive due process. Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937). Two basic types of due process claims arise in this context. Mr. Robinson does not give an indication which of these claims he seeks to assert. The Court therefore will liberally construe the complaint as asserting both types of substantive due process claims.

The first type of substantive due process claim involves official acts which cause a deprivation of a substantive right specified in the Constitution or a federal statute. *Mertik v. Blalock*, 983 F.2d 1353,1367 (6th Cir. 1993). To prevail on this type of due process claim, Mr.

---

(1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Robinson must show he has a protected liberty or property interest in a post-parole placement. He has failed to do so. Mr. Robinson has no constitutionally-protected liberty interest in being transferred to a halfway house or placed in some other community housing. *See Asquith v. Dep't of Corr.*, 186 F.3d 407, 410-11 (3d Cir.1999); *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir.1996); *Brennan v. Cunningham*, 813 F.2d 1, 5-6 (1st Cir.1987). He has no state-created liberty interest in such a transfer because remaining in prison rather than going to community housing does not impose " 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *Asquith*, 186 F.3d at 412 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *see Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979).

The second type of substantive due process claim concerns laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a state agent. *Id.* at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.* None of the facts alleged in the complaint reasonably suggest that the actions of the defendants rise to this level.

Where the plaintiff does not provide facts to support either of these theories of recovery, the actions of the defendants may still deny substantive due process if the state's action was not rationally related to a legitimate state interest. *See e.g., Reno v. Flores*, 507 U.S. 292,

301-05 (1993). The plaintiff, however, bears the burden to show that defendants' decisions were not rationally related to a legitimate state interest. *See, e.g., Kentucky Div., Horsemen's Benevolent & Protective Ass'n v. Turfway Park Racing Ass'n*, 20 F.3d 1406, 1414-15 (6th Cir.1994). Mr. Robinson was convicted of numerous serious crimes including involuntary manslaughter, aggravated robbery, aggravated burglary, kidnaping, felonious assault, and rape. Of the five placement options suggested, only three can be found in the complaint. He requested placement in what appear to have been a private home, an apartment complex and an apartment complex that accepts sexual offenders. The other two placement options are not discussed. The OAPA rejected Mr. Robinson's placement in the private home. His placement in the apartment complexes were rejected by the housing providers. In light of the nature of his crimes, there is no indication that these decisions were irrational. *Inmates of Orient Correctional Institute v. Ohio State Adult Parole Authority*, 929 F.2d 233, 239 (6th Cir. 1991); *see Greenholtz,* 442 U.S. at 13.

Mr. Robinson also claims that the defendants violated the constitution's prohibition against *ex post facto* legislation by denying his choice of placement because he did not attend sex offender programming. Not every change in a convicted person's situation violates prohibitions against *ex post facto* laws. A law implicates the *Ex Post Facto* Clause only if it criminalizes conduct that was not a crime when it was committed, increases the punishment beyond what it was at the time the act was committed, or deprives a person of a defense available at the time the act was committed. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). The relevant inquiry in an *ex post facto* claim therefore is whether the new rule presents a significant risk of increasing the plaintiff's amount of time actually served. *See Garner v. Jones*, 529 U.S. 244, 255 (2000)("When the rule does not by its own terms show a significant risk, the respondent must demonstrate, by evidence

5

drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the current rule"); *Michael v. Ghee*, 498 F.3d 372, 380-85 (6th Cir. 2007).

Mr. Robinson has not set forth a viable *ex post facto* claim. As an initial matter, there is no indication that there is an official rule requiring inmates convicted of rape to go through sex offender programming to obtain placement. Mr. Robinson alleges he had a more difficult time securing housing in the community to facilitate his release because he did not participate in this program. The OAPA is still permitted to exercise discretion in granting parole and determining the conditions of that release. *Id.* Mr. Robinson has not alleged facts to suggest that the defendants violated the *Ex Post Facto* Clause.

## Conclusion

For all the foregoing reasons, plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: December 16, 2008

                                                   **HONORABLE SARA LIOI**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.